NOT FOR PUBLICATION                                                                 **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MAURICE MCKINNON, | Civil Action No. 13-7322 (SRC) |
| Petitioner, |  |
| v. | **MEMORANDUM OPINION** |
|  | **AND ORDER** |
| MR. LOWERY, |  |
| Respondent. |  |

**CHESLER**, District Judge

    Pro se Petitioner Maurice McKinnon ("Petitioner"), a prisoner confined at the South Woods State Prison, Bridgeton, New Jersey, submitted for filing an application executed pursuant to 28 U.S.C. § 2254. Local Civil Rule 81.2 provides:

> Unless prepared by counsel, petitions to this Court for a writ of habeas corpus . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L.Civ.R. 81.2(a).

    Petitioner did not use the habeas form applicable to § 2254 petitions, i.e., AO 241 (modified): DNJ-Habeas-008(Rev. 01-2014). Moreover, he failed to accompany his application by the required $5.00 filing fee or by his in forma pauperis application. The prisoner's legal obligation to prepay the filing fee or to duly obtain in forma pauperis status is automatically incurred by the very act of initiation of his/her legal action. See Hairston v. Gronolsky, 318 F. App'x 716, 718 (3d Cir. 2009) (citing Hall v. Stone, 170 F.3d 706, 707 (7th Cir. 1999)). 42

1

U.S.C. § 1914(a) provides that "[t]he [C]lerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $ 350 except that on application for a writ of habeas corpus the filing fee shall be $ 5." The Supreme Court, however, has observed that, "while [$ 5] is . . . an 'extremely nominal' sum, if one does not have it and is unable to get it[,] the fee might as well be [$ 500]." Smith v. Bennett, 365 U.S. 708, 712 (1961). Hence, a related statute, § 1915, governs applications filed in forma pauperis and provides, in relevant part, that leave to proceed in forma pauperis may be granted in any suit to a litigant "who submits an affidavit [which demonstrates] that the [litigant] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).[1]

Finally, Petitioner – instead of specifying his grounds for relief and the factual predicate in support of each ground – merely states "See Attach[ed] Pro Se PCR Petition." ECF No. 1, at 8-9. Petitioner cannot plead his claim by making such an incorporation by reference. "Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." In addition, any state-law-based challenges are not cognizable in federal habeas review. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997). "Federal courts hold no supervisory authority over state judicial proceedings and may intervene

---

[1] Specifically, in a habeas matter, the prisoner seeking to proceed IFP must submit to the Clerk: (a) a completed affidavit of poverty; and (b) a certification signed by an authorized officer of the institution certifying both the amount presently on deposit in the petitioner's prison account as well as the greatest amount on deposit in the petitioner's prison account during the six month period prior to the date of the certification. See L.Civ.R. 81.2(b).

only to correct wrongs of constitutional dimension." Smith v. Phillips, 455 U.S. 209, 221 (1982). "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable." Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982). "[E]rrors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause." Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997). Moreover, "it is well established that a state court's misapplication of its own law does not generally raise a constitutional claim." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citation omitted); see also Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985). Correspondingly, in this § 2254 action, Petitioner must raise his federal claims that have been duly exhausted at all levels of the state court.

**THEREFORE**, it is on this 2nd day of May, 2014,

**ORDERED** that the Clerk of the Court shall administratively terminate this matter, without filing Petitioner's submission, and Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and if this matter is reopened in accordance with the terms of this Memorandum and Order, his application executed on the appropriate form would be deemed timely if Petitioner's original submission in this matter was filed timely, see Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275 (2013) (distinguishing administrative terminations from dismissals); Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner's mailbox rule generally); Dasilva v. Sheriff's Dep't., 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a petition is submitted to the clerk before the statute runs"); and it is further

**ORDERED** that the Clerk of the Court shall forward Petitioner a blank AO 241 (modified): DNJ-Habeas-008(Rev. 01-2014) form and a blank in forma pauperis application form for incarcerated individuals seeking to prosecute § 2254 challenges; and it is further

**ORDERED** that the Clerk's service of the blank habeas petition form and blank in forma pauperis application form shall not be construed as this Court's finding that the original submission is or is not timely, or that Petitioner's claims are or are not duly exhausted; and it is further

**ORDERED** that if Petitioner wishes to reopen this matter, he shall so notify the Court, in a writing addressed to the Clerk of the Court, within 30 days of the date of entry of this Memorandum and Order.  Petitioner's writing shall: (a) include a complete, signed habeas petition on the appropriate form served to him by the Clerk; (b) state each Petitioner's federal claim and the factual predicate supporting that claim separately and without incorporating any other documents by reference; and (c) be accompanied by Petitioner's $5.00 filing fee or by his complete in forma pauperis application; and it is further

**ORDERED** that upon receipt of a writing from Petitioner stating that he wishes to reopen this matter, a complete, signed appropriate petition form and Petitioner's filing fee or in forma pauperis application, the Clerk will be directed to reopen this matter; and it is finally

**ORDERED** that the Clerk shall serve this Memorandum and Order upon Petitioner by regular U.S. mail.

    __s/ Stanley R. Chesler_____
    **STANLEY R. CHESLER,**
    **United States District Judge**